**UNITED STATES BANKRUPTCY COURT
DISTRICT OF CONNECTICUT**

| | |
|---|---|
| IN RE: ) | |
| ) | CASE NO.    21-50021 (JAM) |
| GARY F. KURIMSKY, ) | |
|     DEBTOR. ) | CHAPTER    7 |
| ) | |
| ) | |
| AVAIL 1, LLC, ) | |
|     MOVANT, ) | |
| ) | |
| VS. ) | |
| ) | |
| GARY F. KURIMSKY, ) | |
|     RESPONDENT. ) | ECF NO.    40 |
| ) | |
| ) | |

**APPEARANCES**

Linda St. Pierre                                                                                   *Attorney for the Movant*
McCalla Raymer Leibert Pierce, LLC
50 Weston Street
Hartford, CT 06120

Gary F. Kurimsky                                                                              *Pro se Debtor*
268 Hammertown Road
Monroe, CT 06468

**MEMORANDUM OF DECISION GRANTING
SECOND AMENDED MOTION FOR RELIEF FROM THE AUTOMATIC STAY**

**I.     INTRODUCTION**

On January 14, 2021, Gary F. Kurimsky (the "Debtor"), appearing *pro se*, filed a Chapter 7 petition commencing this case. On January 29, 2021, AVAIL 1, LLC (the "Movant") filed an Amended Motion for Relief from Stay (the "Amended Motion," ECF No. 16) seeking relief from the automatic stay pursuant to section 362(d)(1), (d)(2), and *in rem* relief pursuant to section 362(d)(4) regarding the real property commonly known as 268 Hammertown Road, Monroe,

Connecticut (the "Property"). On February 12, 2021, the Debtor filed an objection to the Amended Motion, asserting, among other things, that the Movant lacks standing, is not a creditor of the Debtor, and has no possessory interest in the Property.

The Court held a hearing on the Amended Motion on March 23, 2021, at which the Movant's counsel and the Debtor appeared. After the hearing, the Court denied the Amended Motion without prejudice because the documentation attached to the Amended Motion did not sufficiently establish the Movant's standing. On March 26, 2021, the Movant filed a Second Amended Motion for Relief from Stay (the "Second Amended Motion," ECF No. 40). On April 9, 2021, the Debtor filed an objection to the Second Amended Motion (the "Objection," ECF No. 44), again asserting that Movant lacks standing, is not a creditor of the Debtor, and has no possessory interest in the Property.

The Court held a hearing on the Second Amended Motion on April 27, 2021, at which counsel for the Movant and the Debtor appeared. At the conclusion of the hearing, the Court ordered the Movant to file a supplemental affidavit in support of the Second Amended Motion by May 4, 2021, and took the Second Amended Motion under advisement. The Movant filed a supplemental affidavit on May 3, 2021. On May 4, 2021, the Debtor filed a counter affidavit. After careful review of the record in this case, the Second Amended Motion and documents in support thereof, the Objection and documents in support thereof, the supplemental and counter affidavits, and under the specific facts and circumstances of this case, the Second Amended Motion is granted and relief from stay will enter under 11 U.S.C. §§ 362(d)(1), (d)(2), and (d)(4).

II.     **FACTS**

1. On August 28, 2007, the Debtor executed a promissory note (the "Note") in favor of CitiMortgage, Inc. in the original principal amount of $650,000.00. The Note was secured by a mortgage recorded against the Property (the "Mortgage").

2. On June 2, 2009, CitiMortgage, Inc. commenced an action against the Debtor and his wife in the Connecticut Superior Court to foreclose the Mortgage (the "State Court Action"). *See CitiMortgage Inc. v. Paulette Kurimsky, et al.*, Docket No. FBT-CV09-6003098-S.

3. On September 6, 2011, a judgment of strict foreclosure entered in the State Court Action, setting a law day of January 10, 2012 (the "Judgment"). The Judgment found that (i) CitiMortgage, Inc. was the holder and owner of the Note; (ii) the Debtor was in default of the terms of the Note; (iii) the fair market value of the Property was $552,000.00; and (iv) the debt owed to CitiMortgage, Inc. was $808,790.87.

4. The chart below demonstrates that the bankruptcy cases filed by the Debtor and his wife since the entry of the Judgment were filed shortly before a court ordered law day or the execution of a Summary Process Execution for Possession (Eviction).

| Debtor | Bankruptcy Case No. | Law Day or execution date of Summary Process Execution for Possession (Eviction) | Date of Bankruptcy Filing |
|---|---|---|---|
| Gary Kurimsky | 12-50025 | January 10, 2012 Law Day | January 6, 2012 |
| Paulette Kurimsky | 13-50773 | May 21, 2013 Law Day | May 20, 2013 |
| Gary Kurimsky | 15-50455 | April 7, 2015 Law Day | April 2, 2015 |

| Paulette Kurimsky | 19-50691 | May 21, 2019 Law Day | May 20, 2019 |
|---|---|---|---|
| Gary Kurimsky | 21-50021 | January 5, 2021 Summary Process Execution for Possession (Eviction) | January 14, 2021 |

5. On January 6, 2012, four days before the law day, the Debtor filed a Chapter 7 petition (the "2012 bankruptcy case"). On February 23, 2012, a Motion for Relief from Stay filed by the Movant's predecessor-in-interest, Resi Whole Loan IV LLC, was granted with respect to the Property.

6. On November 13, 2012, the Superior Court reopened the Judgment to set a new law day of February 19, 2013. The Superior Court again reopened the Judgment and set a new law day of May 21, 2013.

7. On May 20, 2013, the day before the new law day, the Debtor's wife filed a Chapter 7 petition (the "2013 bankruptcy case"), thereby staying the law day.

8. On December 1, 2014, the Superior Court reopened the Judgment and set a new law day of April 7, 2015. The Superior Court also updated the fair market value of the Property to the reduced amount of $507,000.00 and increased the amount of the debt owed to the Movant's predecessor in interest to $1,047,832.98.

9. On April 2, 2015, the Debtor filed a Chapter 13 petition (the "2015 bankruptcy case"). On May 13, 2015, the Court granted the Debtor's Motion to Voluntarily Dismiss the 2015 bankruptcy case.

10. On April 24, 2015, the Debtor and the Debtor's wife filed an appeal of the Judgment in the Connecticut Appellate Court, which resulted in a stay of execution pending appeal.

11. On May 3, 2017, the Movant was substituted as the Plaintiff in the State Court Action.

12. On June 5, 2015, the Debtor commenced a lawsuit in the United States District Court for the District of Connecticut. *See Gary Kurimsky v. CitiMortgage, Inc., et al.*, 15-CV-00866-MPS. The District Court dismissed the Debtor's lawsuit on May 16, 2016, holding that "[b]ecause Mr. Kurimsky abandoned his claims to his bankruptcy estate, he lacks standing to bring this suit and [the Court] therefore lack[s] jurisdiction." *See* Ruling and Order at 1, *Gary Kurimsky v. CitiMortgage, Inc., et al.*, 15-CV-00866-MPS (ECF No. 51, May 12, 2016).

13. The Connecticut Appellate Court dismissed the Debtor's appeal on May 17, 2017.

14. On May 30, 2017, the Superior Court reopened the Judgment and set a new law day of July 11, 2017.

15. On July 11, 2017, the Superior Court reopened the Judgment and set a new law day of September 12, 2017.

16. On September 12, 2017, the Superior Court, *sua sponte*, set a new law day of October 3, 2017.

17. On September 14, 2017, the Debtor filed an appeal of the Judgment in the Connecticut Appellate Court. On November 6, 2018, the Appellate Court affirmed the Judgment and remanded the matter for the purpose of setting a new law day. On March 19, 2019, the Superior Court set a new law day of May 21, 2019.

18. On May 20, 2019, the Debtor's wife filed a Chapter 7 petition (the "2019 bankruptcy case"). On September 13, 2019, the Movant's Motion for Relief from Stay was granted under section 362(d)(1), which annulled the stay to May 20, 2019, the date of the filing of the petition.

19. After the entry of the Order Granting Relief from Stay, title vested with the Movant. *See* Certificate of Foreclosure, attached as Exhibit C to the Second Amended Motion.

20. On September 16, 2019, the 2019 bankruptcy case was dismissed for failure to pay the filing fee.

21. On September 20, 2019, the Debtor's wife appealed the Order Granting Relief from Stay to the United States District Court for the District of Connecticut. *See In re Kurimsky*, 19-CV-01494-MPS.

22. On December 27, 2019, the Movant commenced a summary process action in Superior Court. *See AVAIL 1, LLC v. Kurimsky, Gary F.*, BPH-CV20-6008472-S (Conn. Sup. Ct. Dec. 27, 2019) (the "Summary Process Action"). On February 21, 2020, a Judgment of Possession entered in favor of the Movant against the Debtor in the Summary Process Action, the execution of which was stayed until April 30, 2020.

23. On February 3, 2020, the United States District Court for the District of Connecticut affirmed the Order Granting Relief from Stay, finding that the "Bankruptcy Court acted well within its discretion in annulling the automatic stay, based on Ms. Kurimsky's misrepresentations in her bankruptcy petition and the long history of delays in the State Foreclosure Action." *See* Ruling on Appeal from Bankruptcy Court Order at 5, *Paulette Kurimsky v. Avail 1 LLC*, 19-CV-1494-MPS (ECF No. 15, Feb. 3, 2020).

24. On September 4, 2020, the Centers for Disease Control and Prevention issued an agency order pursuant to 42 U.S.C. § 264 and 42 C.F.R. § 70.2, TEMPORARY HALT IN RESIDENTIAL EVICTIONS TO PREVENT THE FURTHER SPREAD OF COVID-19, 85 Fed. Reg. 55292 (Sept. 4, 2020) (the "CDC Order"). The CDC Order barred the eviction of persons covered by the CDC Order through December 31, 2020.

25.     On April 10, 2020, the Governor of the State of Connecticut issued Executive Order No. 7X, which suspended evictions in the State of Connecticut. Subsequent Executive Orders by the Governor of the State of Connecticut further extended the moratorium on evictions.

26.     On October 2, 2020, the Superior Court entered an order staying the Summary Process Execution for Possession (Eviction) against the Debtor, Debtor's wife, and the Debtor's son through December 31, 2020, after rejecting the Debtor's argument that the CDC Order applied to him and his family.

27.     On January 5, 2021, after the stay of execution had expired, the Movant filed another Summary Process Execution for Possession (Eviction). On January 14, 2021, the Debtor filed the instant case (the "2021 bankruptcy case").

### III.    DISCUSSION

The Movant seeks relief from the automatic stay under 11 U.S.C. §§ 362(d)(1), (d)(2), and (d)(4). Section 362(g) provides that the party requesting relief from the automatic stay has the burden of proof on the question of the debtor's equity in property, and the party opposing relief has the burden on all other issues. 11 U.S.C. § 362(g). The moving party must first establish its prima facie case for relief. 3 *Collier on Bankruptcy*, ¶ 362.10, p. 362-135 (16th ed. 2020). A prima facie case requires a movant to show "a factual and legal right to the relief it seeks." *Id.* Under section 362(d), if a movant presents a prima facie case and no contrary evidence is presented, the Court "shall" grant the relief requested. 11 U.S.C. § 362(d). After a careful review of the record in this case, the Court finds that the Movant has met its burden and grants it relief under sections 362(d)(1), (d)(2), and (d)(4).

### A. Cause exists to grant relief from the stay pursuant to 362(d)(1).

Section 362(d)(1) provides that the Court "shall" grant relief from the automatic stay provided by section 362(a) for cause. *See* 11 U.S.C. § 362(d)(1). Although "cause" is not defined in the Bankruptcy Code, cause has been found to include non-payment of a debt or a lack of adequate protection. *See In re Caires*, 611 B.R. 1, 6-7 (Bankr. D. Conn. 2020); *In re Uvaydov*, 354 B.R. 620, 624 (Bankr. E.D.N.Y. 2006); *In re Kaplan Breslaw Ash, LLC*, 264 B.R. 309, 333 (Bankr. S.D.N.Y. 2001).

The Debtor argues that relief from stay should not be granted because the Movant lacks standing, is not a creditor of the Debtor, and has no possessory interest in the Property. However, all of the Debtor's arguments were raised in the State Court Action and were rejected. The Debtor has not made payments due under the Note and Mortgage to the Movant as evidenced by the Judgment attached as Exhibit A to the Second Amended Motion. The Judgment is final and this Court must give full faith and credit to the Judgment. *See In re Conrad*, 614 B.R. 20, 25 (Bankr. D. Conn. 2020) (applying the Full Faith and Credit Act, 28 U.S.C. § 1738, to a final Superior Court judgment of foreclosure by sale when granting relief from stay pursuant to section 362(d)(1)). Cause therefore exists to grant the Movant relief from the automatic stay pursuant to section 362(d)(1).

### B. The Movant is entitled to relief pursuant to section 362(d)(2).

Section 362(d)(2) provides that the Court "shall" grant relief from the automatic stay if the debtor does not have any equity in the property and the property is not necessary to the Debtor's effective reorganization. The Judgment establishes that there is no equity in the Property. Additionally, the Property is not necessary for an effective reorganization because this is a Chapter 7 case, the purpose of which is liquidation, not reorganization. As such, no

reorganization is possible, and relief under section 362(d)(2) is warranted. *See In re Escobar*, 457 B.R. 229, 242 (Bankr. E.D.N.Y. 2011).

### C. The Movant is entitled to *in rem* relief pursuant to section 362(d)(4).

The Movant also seeks *in rem* relief on the grounds that the filing of the 2021 bankruptcy case was part of a scheme to delay, hinder, or defraud the Movant that involved multiple bankruptcy filings affecting the Property. Section 362(d)(4) provides that the Court "shall" grant *in rem* relief from the stay if the Court finds the filing of the petition was part of a scheme to "delay, hinder, or defraud" creditors that involved multiple bankruptcy filings affecting such real property. *See* 11 U.S.C. § 362(d)(4). *In rem* relief is warranted "when a creditor has demonstrated that the bankruptcy petition was filed as part of a scheme to delay, hinder, and defraud creditors," *In re O'Farrill*, 569 B.R. 586, 591 (Bankr. S.D.N.Y. 2017), and involves either a transfer of an interest in property or multiple bankruptcy filings affecting real property, *In re Conrad*, 614 B.R. 20, 27-28 (Bankr. D. Conn. 2020); *Caires*, 611 B.R. at 8. Bankruptcy courts may "infer an intent to hinder, delay, and defraud creditors from the fact of serial filings alone." *In re Porzio*, 622 B.R. 134, 137-38 (D. Conn. 2020) (citation omitted); *Conrad*, 614 B.R. at 27-28; *Caires*, 611 B.R. at 8; *see also In re Montalvo*, 416 B.R. 381, 387 (Bankr. E.D.N.Y. 2009) (recognizing the timing and sequencing of the filings significant to finding a scheme to hinder, delay, or defraud); *In re Magnale Farms, LLC*, No. 17-61344, 2018 WL 1664849, at *6 (Bankr. N.D.N.Y. Apr. 3, 2018) (explaining a court can "draw a permissible inference of a scheme to hinder, delay, and defraud based on the mere timing and filing of several bankruptcy cases.").

Here, the record establishes that the 2012, 2013, 2015, 2019, and 2021 bankruptcy cases were filed shortly before a law day or the execution of a Summary Process Execution for

Possession (Eviction). The pattern and timing of the bankruptcy filings by the Debtor and his wife enable the Court to infer an intent to delay, hinder, or defraud the Movant from completing the State Court Action and the Summary Process Action. *See Montalvo*, 416 B.R. at 387.

In addition, the multiple bankruptcy filings of the Debtor and his wife are an example of a "husband-wife type" scheme where spouses take turns filing for bankruptcy to delay a foreclosure proceeding. *See In re Taal*, 520 B.R. 370, 378 (Bankr. D.N.H. 2014) (explaining that a "specific type of serial filing" is the "husband-wife type"). When, as here, a husband-wife type of serial filing amounts to bad faith, "it clearly demonstrates a scheme within the meaning of § 362(d)(4)." *See id.* For these reasons, and under the specific facts and circumstances surrounding the multiple bankruptcy filings, *in rem* relief is granted under section 362(d)(4).

## IV. <u>CONCLUSION</u>

For the reasons set forth above, in accordance with 11 U.S.C. §§ 362(d)(1), (d)(2), and (d)(4)(B); it is hereby

**ORDERED:** The Movant is granted relief from the automatic stay under 11 U.S.C. §§ 362(d)(1), 362(d)(2), and 362(d)(4). A separate Order granting relief from the stay and *in rem* relief will enter; and it is further

**ORDERED:** The 14-day stay provided in Federal Rule of Bankruptcy Procedure 4001(a) is hereby waived; and it is further

**ORDERED**: At or before 4:00 p.m. on June 24, 2021, the Clerk's Office shall serve this Order upon the Debtor at the address listed on the Debtor's petition.

Dated at Bridgeport, Connecticut this 24th day of June, 2021.



*Julie A. Manning*
Chief United States Bankruptcy Judge
District of Connecticut